ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| MARTA M. PADILLA MADRID<br><br>Peticionario<br><br>v.<br><br>DUST CONTROL SERVICE OF PUERTO RICO, INC. Y COMPAÑÍA ASEGURADORA XYZ<br><br>Recurrida | KLCE202400539 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV03087<br><br>Sobre: Pago Bono de Navidad Ley Núm. 148 de 30 de junio de 1969, Despido Injustificado Ley Núm. 80 de 30 de mayo de 1976, Discrimen por Razón de Edad y Género Ley Núm. 100 de 30 de junio de 1959, Procedimiento Sumario Ley Núm. 2 de 17 de octubre de 1961 |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de mayo de 2024.

Comparece Marta M. Padilla Madrid (en adelante, peticionaria) mediante un recurso de *Certiorari*, para solicitarnos la revisión de la *Orden* emitida y notificada el 8 de mayo de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI).[1] Mediante la *Orden* recurrida, el foro primario declaró *Ha Lugar* una moción en la cual se solicitó una orden protectora, decretó el cierre del descubrimiento de prueba, impuso una sanción a la recurrente por la suma de $100.00 dólares a favor del Fondo

---

[1] Apéndice del recurso, a las págs. 1-6.

Número Identificador

RES2024_____

Especial [del Poder judicial]; ordenó la continuación de los procedimientos según calendarizados, y advirtió a la peticionaria sobre las disposiciones de la Regla 23.1(e) de las de Procedimiento Civil.[2]

Conforme se desprende de los autos ante nos, el presente caso versa sobre una acción civil laboral al palio de la Ley 2 de 17 de octubre de 1961, según enmendada. Luego de varios incidentes procesales se suscitó una controversia durante la vista de conferencia con antelación a juicio, por lo que la misma no pudo concretarse. Surge de la *Minuta* de dicha vista que, entre otros asuntos, las partes le explicaron al Tribunal que existían varias controversias relacionadas al descubrimiento de prueba.[3] Ante esto, el TPI le concedió cincuenta (50) días para que las partes presentaran **una moción conjunta** informando las controversias que puedan subsistir en el descubrimiento de prueba, preguntas y respuestas con objeciones fundamentadas para que estas, entonces, puedan ser evaluadas y finalmente disponer de ellas de conformidad.

No obstante, pese a esta instrucción, el 26 de abril de 2024, la peticionaria, por sí sola, presentó una *Moción Informativa en Cumplimiento de Orden.*[4] En esta informó ciertas controversias relacionadas a un interrogatorio que se le había suministrado a la parte querellada en este pleito, Dust Control Service of Puerto Rico, Inc. (en adelante, recurrida). Por su parte, ese mismo día, la recurrida presentó una *Moción Informativa, Solicitud de Orden Protectora y para que se dé por Terminado el Descubrimiento de Prueba.*[5] En esencia, informó que el término de cincuenta (50) días concedido por el TPI había vencido y que esta parte no había recibido

---

[2] *Id.,* a la pág. 5. 32 LPRA Ap. V, R. 23.1(e).
[3] Apéndice de la parte recurrida, a las págs. 34-35.
[4] Apéndice del recurso, a las págs. 69-99.
[5] *Id.,* a las págs. 64-67.

comunicación alguna por parte de la peticionaria en cuanto a las controversias suscitadas con los interrogatorios y requerimiento de producción de documentos. Tras ciertos eventos procesales, el 8 de mayo de 2024, el foro primario emitió la *Orden* recurrida.

En desacuerdo, el 17 de mayo de 2024, la peticionaria presentó una *Petición de Certiorari*, en la cual esgrimió la comisión de tres errores presuntamente cometidos por la primera instancia judicial. Por su parte, el 29 de mayo de 2024, la parte recurrida presentó su *Oposición a Petición de Certiorari*.

Luego de haber evaluado el expediente en su totalidad, incluyendo, además, la *Orden* objeto de revisión, así como el derecho aplicable, no hemos encontrado que el TPI haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción, ni tampoco que la determinación sea manifiestamente errónea.

Es por todo lo anterior, que no procede nuestra intervención en esta etapa de los procedimientos. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil[6], y la Regla 40 del Reglamento de este Tribunal[7], acordamos denegar la expedición del auto de *Certiorari*.

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari* y se devuelve el caso al foro primario para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] 32 LPRA Ap. V, R. 52.1.
[7] 4 LPRA Ap. XXII-B, R. 40.